IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHERRY MICHELLE TURNER,         *

     Plaintiff,             *

vs.                       *      CASE NO. 3:22-cv-49 (CDL)

LUIS E. OCHOA,            *

     Defendant.             *

_____

O R D E R

Plaintiff Sherry Turner filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Luis Ochoa used excessive force in arresting her, in violation of the Fourth Amendment to the United States Constitution. Pending before the Court is Ochoa's motion for summary judgment (ECF No. 14). Ochoa argues that he is entitled to qualified immunity from Turner's claim. As discussed in greater detail below, the Court finds that Ochoa is entitled to qualified immunity because his conduct during Turner's arrest did not violate clearly established law. Accordingly, Ochoa's motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Turner, the record reveals the following facts.  On December 24, 2021, Turner was driving into Oglethorpe County as it was getting dark.  She did not have her headlights on, and she drove past a stop sign.  She collided with a truck pulling a trailer and knocked it off the road.  Turner admits to having ingested beer, Xanax, and marijuana hours earlier that day, but she denies that she was intoxicated at the time of the wreck.  Rather, she attributes the wreck to her headlights not coming on automatically and her poor night vision due to detached retinas in her eyes.  Turner Dep. 48:1-6, 50:2-11, ECF No. 17.  After the crash, witnesses checked on Turner, who wanted to go home.  Turner admitted to these witnesses that she drank alcohol and took Xanax that day.

Upon his arrival on the scene, Oglethorpe County Sheriff's Deputy Honeycutt spoke to the witnesses, who relayed that Turner

admitted she had consumed beer and Xanax.   This information, combined with Deputy Honeycutt's assessment of Turner's demeanor and his belief that he smelled alcohol, led Deputy Honeycutt to believe that Turner was intoxicated.   He therefore radioed his partner, Deputy Ochoa, and directed Ochoa to stay with Turner when he arrived on the scene.   Honeycutt Dep. 7:2-8, ECF No. 18.

A witness Turner relies on in opposing summary judgment, Donna Magnus, stated that as Ochoa approached Turner, Turner "was very upset and raised her voice," cursing at Ochoa and telling him that "she was not going with him anywhere."   Magnus Am. Decl. ¶ 5(d), ECF No. 26-1.   Specifically, Turner said "I'm not going anywhere . . . I am not going to any hospital because I am not hurt . . . I am not going to jail because I haven't done anything wrong."   *Id.*   Turner does not contradict or dispute this statement from Ms. Magnus.

"Without any warning, Deputy Ochoa said 'I smell alcohol' and grabbed Ms. Turner," placing a handcuff on one of her arms. *Id.* ¶ 5(f).   Turner asserts that, out of surprise and without any intention to flee or resist arrest, she instinctively withdrew from Ochoa and did not give him her other arm.   Magnus observed the interaction, stating that "Turner appeared to be shocked and upset when Deputy Ochoa grabbed her.   She reacted to that by trying to push away from him without giving him her other hand."   *Id.* ¶ 5(g).   Ochoa then charged and tackled Turner

3

and landed on top of her. *Id.* ¶ 5(h). There is no dispute that Ochoa is taller and heavier than Turner. As a result of Ochoa landing on Turner, her arm was broken such that she needed surgery to repair it.[1]

DISCUSSION

Ochoa seeks qualified immunity on Turner's claim. "In order to be entitled to qualified immunity, the officer[] first must establish that [he was] acting within [his] discretionary authority during the incident." *Manners v. Cannella*, 891 F.3d 959, 967 (11th Cir. 2018). There is no dispute that Ochoa was acting within his discretionary authority.

Once it is established that the officer was acting within his discretionary authority, the Court must determine if "the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right" and if so, the Court must "decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court "may consider these two prongs in either order; an official is entitled to

---

[1] Turner argues that Ochoa intentionally spoliated his body camera footage of Turner's arrest, in bad faith, such that Turner should be entitled to an adverse inference regarding what that footage would reveal. For the purposes of deciding this summary judgment motion, however, the Court has already drawn all inferences regarding the events of the arrest in favor of Turner. There is no further adverse inference that could be drawn in Turner's favor, as the Court has already evaluated this motion based on Turner's version of what the body camera footage would have shown. Accordingly, the Court declines to address Turner's spoliation argument.

qualified immunity if the plaintiff fails to establish either." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 951 (11th Cir. 2019) (citing *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016)).

A plaintiff may demonstrate that the law clearly establishes that a particular amount of force is excessive in one of three ways. *Patel v. City of Madison*, 959 F.3d 1330, 1343 (11th Cir. 2020). First, a plaintiff can point to a materially factually similar case from the U.S. Supreme Court, the Eleventh Circuit, or the Supreme Court of the state where the events at issue occurred, in which it was decided that what the officer did to the plaintiff was unlawful. *Id.* Second, a plaintiff may "show that a broader, clearly established principle [from prior case law] should control the novel facts in this situation." *Id.* (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)). Finally, a plaintiff may show that "the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw." *Id.* (quoting *Priester v. City of Riviera Beach*, 208 F.3d 919, 926 (11th Cir. 2000)). Under this "obvious clarity" test, qualified immunity is only overcome "if the standards set forth in relevant precedent 'inevitably lead every reasonable officer in [the

defendant's] position to conclude the force was unlawful.'" *Id.* (quoting *Priester*, 208 F.3d at 926-27)). The Court's ultimate concern is "that any officer must have had fair notice, at the time he engaged in his actions, that his challenged conduct amounted to excessive force." *Id.*

Turner argues that Ochoa was not justified in his use of force because (1) he did not have probable cause to arrest Turner for driving under the influence in violation of O.C.G.A. § 40-6-391, and/or (2) that even if he had probable cause for the arrest, the amount of force was excessive. Turner concedes that "Deputy Ochoa had probable cause to arrest [her] for . . . running a stop sign and [driving with] no headlights" at night. Pl.'s Resp. to Def.'s Mot. for Summ. J. 6, ECF No. 27. On those grounds alone, Ochoa had the authority to arrest Turner. *See United States v. Clark*, 32 F.4th 1080, 1088-89 (11th Cir. 2022) (explaining that traffic violations and misdemeanor offenses can serve as predicates for custodial arrest under Georgia law).

Additionally, to be entitled to qualified immunity against a claim based upon an alleged unjustified arrest, the arresting officer only needs "arguable probable cause." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (quoting *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001)). "Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the

Defendant[] could have believed that probable cause existed to arrest.'"   *Id.* (quoting *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)).

Turner does not dispute that she told witnesses after the crash that she ingested alcohol and Xanax that day; she maintains, however, that she did so hours earlier and was no longer under any influence by the time she was driving.  The Court accepts for purposes of the present motion that Turner was not "intoxicated" at the time of the wreck.  But Turner did not point to evidence to create a genuine fact dispute on whether the officers had arguable probable cause to believe she drove under the influence of alcohol and Xanax.  Rather, the present record establishes that witnesses told the officers that Turner admitted to ingesting beer and Xanax, and that the officers believed they smelled alcohol on Turner's breath.  Thus, reasonable officers in those circumstances could believe that probable cause existed to arrest Turner for driving under the influence.  Accordingly, to the extent Turner asserts a claim based upon her being arrested without sufficient cause, Ochoa is entitled to qualified immunity for any claim that he violated Turner's Fourth Amendment rights by arresting her.

Turner has also failed to show that Ochoa's use of force violated clearly established law.  The cases Turner relies on are factually distinguishable in that they involve plaintiffs

whose actions would not appear to a reasonable officer to be resisting arrest. *See, e.g.*, *Stephens v. DeGiovanni*, 852 F.3d 1298, 1326 (11th Cir. 2017) ("[The plaintiff] complied with all [the deputy's] investigation questions and was not resisting or attempting to flee."); *Vinyard v. Wilson*, 311 F.3d 1340, 1348 (11th Cir. 2002) ("there is no indication that [the plaintiff] actively resisted the initial arrest or attempted to flee at any time. Moreover, at the time of the force during the jail ride, [plaintiff] was under arrest and secured with handcuffs and in the back seat of the patrol car."). By contrast, Turner does not dispute her witness's account that she told Ochoa she was not going with him to jail or anywhere else, and she admits that she pulled away from him and would not give him her remaining arm once he handcuffed the other. Although she did not intend to resist and withdrew from him instinctively, Ochoa could not read her mind and a reasonable officer could interpret her actions as an attempt to resist arrest.

Turner also fails to show that a broader, clearly established principle from prior case law put Ochoa on notice that his conduct was unlawful. The factually analogous case law stands for the principle that "a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Patel*, 959

8

F.3d at 1343 (quoting *Saunders v. Duke*, 766 F.3d 1262, 1265
(11th Cir. 2014)).

For example, the Court in *Patel* found that the law was
clearly established that using a leg sweep to take down an
elderly man was inappropriate when, according to his version of
events, he was not resisting arrest or attempting to flee. *Id.*
at 1343-44.  The plaintiff in *Patel* was totally compliant, and
the only evidence that could possibly be construed as resistance
was that he adjusted his foot "at most an inch to the side"
while being searched, to maintain his balance. *Id.* at 1335.

Cases like *Patel*, which embody this broad principle that
force is excessive when a suspect is not resisting arrest,
contrast with cases like *Horn v. Barron*, 720 F. App'x 557 (11th
Cir. 2018) (per curiam).  There, a panel of the Eleventh Circuit
found that an officer's use of a straight arm bar takedown to
handcuff a suspect was not gratuitous or excessive when she
admitted she pulled her arm away from the officer while he tried
to arrest her. *Horn*, 720 F. App'x at 564.  A reasonable officer
could interpret the suspect's pulling her arm away as resisting,
especially since she was also shouting obscenities at the
officer. *Id.* at 565.  This was true even though the takedown
resulted in the suspect's arm breaking when she hit the ground.
*Id.* at 560.  The panel's analysis was also not swayed by the
fact that the suspect claimed she "pulled her arm away from [the

officer] as a reflex to his touch and was not resisting him." *Id.* at 563. Because the suspect's actions could be construed by a reasonable officer as resisting arrest, the officer's use of force was not gratuitous or excessive, and he was entitled to qualified immunity. *Id.* at 565.

The facts here are closer to those in *Horn* than those in *Patel*. Like the plaintiff in *Horn*, Turner admits she pulled her arm away from Ochoa and does not dispute Magnus's account that she was yelling and cursing at him. Therefore, as the panel concluded in *Horn*, here a reasonable officer could conclude that Turner was resisting. Because a reasonable officer could believe that Turner was resisting, her claim is not encompassed by the broader, clearly established principle that force exercised against a non-resisting suspect is gratuitous and excessive.

Finally, this is also not a case of obvious clarity. The facts of Turner's arrest are strikingly similar to those of the arrest in *Horn*, where a panel of the Eleventh Circuit found that a takedown which broke the suspect's arm was not excessive. *Id.* at 564. Turner has not demonstrated that every reasonable officer in Ochoa's position would inevitably conclude the force was unlawful. In conclusion, Turner cannot show that Ochoa violated clearly established law under any of the three methods of doing so, and so Ochoa is entitled to qualified immunity.

CONCLUSION

For the foregoing reasons, Ochoa's motion for summary judgment (ECF No. 14) is granted.

IT IS SO ORDERED, this 5th day of February, 2024.

S/Clay D. Land

CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA